NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CRAIG M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, S.M., *Appellees.*

No. 1 CA-JV 17-0565
FILED 5-29-2018

Appeal from the Superior Court in Yavapai County
No. P1300JD201600086
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David W. Weinzweig delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1 Craig M. challenges the juvenile court's order finding that termination of his parental rights was in his daughter's best interests. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Craig M. ("Father") and Sarah H. ("Mother") adopted two sisters, S.M. and V.M., who were removed from their biological parents in California.[1] About ten months later, in January 2015, Mother and Father divorced and agreed that Father would become the children's primary custodial parent.

¶3 In May 2015, Nevada law enforcement received reports that Father had sexually assaulted V.M., then eleven years old. V.M. confirmed the reports. She told police that Father had sex with her on the very morning of her interview and had been sexually abusing her for an extended period. DNA evidence supported her allegations. The State of Nevada charged Father with sexual assault of V.M. Meanwhile, the Nevada Division of Child and Family Services removed both V.M. and S.M. from Father. S.M. was placed with Mother. V.M. ended up in foster care. A Nevada court terminated Father's parental rights to V.M. on grounds of abandonment, unfitness and risk of harm.

¶4 Father absconded from Nevada in August 2016 as he awaited his criminal trial. Four months later, the Arizona Department of Child Safety ("DCS") received a report that S.M. was living with Father and Father's sister in Arizona. DCS investigated and learned that Father had been arrested several days earlier and left S.M. with his sister, without heat, water or food. Father was extradited to Nevada to face the criminal charges.

---

[1] Mother is S.M. and V.M.'s biological aunt.

**¶5**　　　DCS seized temporary custody of S.M., placed her in foster care and petitioned the juvenile court to find her dependent as to Father and Mother. The court adjudicated S.M. dependent and approved concurrent case plans of family reunification and severance and adoption, which later changed to severance and adoption.

**¶6**　　　Against that backdrop, DCS moved to terminate Father's parental rights to S.M. in September 2017. DCS alleged that termination was justified on various grounds, including Father's neglect of S.M., abuse of V.M. and the recent termination of his parental rights to V.M. *See* A.R.S. §§ 8-533(B)(2), (10). DCS further alleged termination was in S.M.'s best interests.[2]

**¶7**　　　The juvenile court issued a detailed minute entry after a contested severance hearing in November 2017, finding that DCS proved the statutory grounds for termination by clear and convincing evidence and proved that termination was in S.M.'s best interests by a preponderance of the evidence. Father timely appealed. We have jurisdiction pursuant to A.R.S. § 8-235(A).

## DISCUSSION

**¶8**　　　To terminate parental rights, a court must find by clear and convincing evidence at least one statutory ground articulated in A.R.S. § 8-533(B) and must find by a preponderance of the evidence that termination is in the child's best interests. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). We will affirm a severance order unless it is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We accept the court's findings of fact unless no reasonable evidence supports them, *id.*, and view the evidence in the light most favorable to upholding the order. *See Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 97, ¶ 20 (App. 2009).

**¶9**　　　Father does not challenge the juvenile court's finding of three statutory grounds for severance. Instead, he only argues that termination of his parental rights was not in S.M.'s best interests. The best-interests prong requires the court to assess "how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004) (quotation omitted).

---

[2]　　　Mother relinquished her parental rights.

¶10        The court did not clearly err in making its best-interests determination.  The court heard testimony from a DCS case manager that termination of Father's parental rights was in S.M.'s best interests because it would allow her to have permanency and stability and would let the adoption process proceed, whereas a denial of termination would keep S.M. in foster care.  The case manager testified that S.M. is adoptable and DCS was working to identify an adoptive home for her.  And although an adoptive home had not yet been identified, the case manager testified that termination of Father's parental rights was needed to prevent or delay that process from moving forward.  *Id.*

¶11        Father's arguments are not persuasive.  He claims that he has a bond with S.M., she previously lived with him and he was her primary caregiver for 12-18 months before his incarceration.  He thus argues the court should have waited until his February 2018 criminal trial was finished before deciding whether to terminate his parental rights, especially because DCS had not yet identified an adoptive home for S.M.  We disagree.  To postpone termination until after Father's criminal trial would only further delay S.M.'s path to stability and permanency.  *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 15 (2016) (noting that once a juvenile court finds a statutory ground for severance, "in considering best interests, the court must balance the unfit parent's 'diluted interest' against the independent and often adverse interests of the child in a safe and stable home life") (quotation omitted).  S.M. is only eight years old and rightly seeks a family who will love and protect her.

¶12        Father further argues that an acquittal on the charges against him would "negate" the court's best-interests findings.  We again disagree.  To reiterate, a Nevada court has already found by clear and convicting evidence that Father sexually assaulted V.M.  Father cannot undo or erase that finding, even if ultimately absolved under a heightened criminal standard, *i.e.*, beyond a reasonable doubt.  Nor did Father contest DCS's allegations in this case.  In sum, the absence of a criminal conviction would not alter the analysis or conclusion that termination is in S.M.'s best interest.

**CONCLUSION**

¶13      The juvenile court properly terminated Father's parental rights to S.M.  We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA